UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LATHAN LYCURGUS SMITH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 17-cv-07068-LB<br><br>**ORDER DISMISSING COMPLAINT AND DENYING MOTION TO TRANSFER**<br><br>Re: ECF Nos. 1, 7 |

**INTRODUCTION**

On December 12, 2017, plaintiff Lathan Lycurgus Smith filed a complaint and application to proceed *in form pauperis*.[1] The court granted Mr. Smith's motion for leave to proceed *in forma pauperis*.[2] Mr. Smith also filed a motion to transfer that asked the court to transfer the case to Ashville, North Carolina, Washington, D.C., or St. Petersburg, Florida.[3] Mr. Smith consented to magistrate-judge jurisdiction.[4] The court now dismisses the amended complaint without prejudice

---

[1] Compl. – ECF No. 1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Order – ECF No. 4.

[3] Motion to Transfer – ECF No. 7 at 1.

[4] Consent – ECF No. 9.

ORDER – No. 17-cv-07068-LB

and with leave to amend under 28 U.S.C. § 1915(e)(2)(B) and denies the motion to transfer as premature.

## ANALYSIS

**1. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint make and rule on its own motion to dismiss before directing the United States Marshal to serve the complaint pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.

Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotation omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitle[ment] to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555.

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins.*

Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (internal quotations omitted).

## 2. The Complaint Fails to State a Plausible Claim

Here, Mr. Smith alleges that the United States, the Secret Service, and President Donald Trump stole his patents and copyrights.[5] Mr. Smith alleges that he "created a new style Automotive and Industrial motor, crank, generator, engine and other type that are inverted into the listed items above."[6] These allegedly include "Sheet Rock and Insulation that is used as a fire resistant barrier in building" and "toilet paper that is used by the United States military."[7] Mr. Smith states that the Secret Service and the United States "had patent pushed through when they realized the product would work through computer realization."[8] He states that he wants "the United States to stop using [his] patents and ideas" and wants "all the money that they made from them."[9]

Mr. Smith also brings a claim for "attempted murder."[10] He alleges that he "had a knife stabbed into [his] neck" and "was hit by a truck mirror in the face at about 20 to 25 mph."[11] He

---

[5] Compl. – ECF No. 1 at 3–6.
[6] *Id.* at 3.
[7] *Id.* at 4.
[8] *Id.* at 6.
[9] *Id.* at 7.
[10] *Id.* at 5.
[11] *Id.*

states that the United States took his child and "during court they had the Judge working with the secret service through computer that they gave the judge."[12] He alleges that the defendants would turn people against him at his job, would "mess around with" his phone, and tried killing him and having him arrested in Phoenix, Arizona.[13]

Mr. Smith's complaint does not allege specific facts that plausibly state a claim for relief. For example, to state a claim for patent infringement, "a plaintiff must allege that the defendant makes, uses, offers to sell, or sells the patented invention within the United States, during the term of the patent, and without authority of the patent holder." *Skyworks Solutions Inc. v. Kinetic Tech. Inc.*, No. C 14-0010-SI, 2014 WL 1339829, at *2 (N.D. Cal. 2014). To establish a copyright claim, a plaintiff must plead ownership of a copyright and that the defendant copied protected elements of the plaintiff's work. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000). Mr. Smith does not specify his patents or copyrights or how the defendants infringed his patents or copyrights.

Mr. Smith's allegations about murder also are conclusory. The court also advises Mr. Smith that ordinarily murder is a state-law claim that generally is pursued in state court. Sometimes, a plaintiff may raise state-law claims under a federal court's supplemental jurisdiction if the plaintiff has a viable federal claim. The standard is as follows: courts may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A court need not exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of exercising supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). The court also notes that it cannot tell whether the attempted murder is related at all to the patent and copyright claims.

---

[12] *Id.*

[13] *Id.* at 4.

ORDER – No. 17-cv-07068-LB    4

In its current state, the complaint lacks an arguable basis either in law or fact. Accordingly, the court dismisses it without prejudice and with leave to amend.

### 3. Motion to Transfer

Mr. Smith also moves to transfer the case to Ashville, North Carolina, Washington D.C., or St. Petersburg, Florida because these are his "local area[s]."[14] The motion to transfer also states that Mr. Smith is "being assaulted by local and Aerial people and spirits" and that he has "had a man named Brian Harrison to come [him] with a NIC coin saying that [they] are supposed to be working together."[15]

Because the court dismisses the complaint, at this juncture, the court denies the motion to transfer as premature.

## CONCLUSION

The court dismisses the complaint with leave to amend. If he chooses to file an amended complaint, Mr. Smith must do so by February 20, 2018.

Mr. Smith may also dismiss his case voluntarily by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice, thereby allowing Mr. Smith to file a complaint later (including in a different district) if he can cure the complaint's deficiencies.

If Mr. Smith does not file a First Amended Complaint by February 20, 2018, or ask for an extension of the time to do so, the court will close the case without prejudice to Mr. Smith's timely refiling it if he can cure the complaint's deficiencies.

This disposes of ECF No. 7.

**IT IS SO ORDERED.**

Dated: January 25, 2018

LAUREL BEELER
United States Magistrate Judge

---

[14] Motion to Transfer – ECF No. 7 at 1.
[15] *Id.*